MARTIN D. MALLOY, Appellee, *vs.* THE KELLY-ATKINSON CONSTRUCTION COMPANY, Appellant.

*Opinion filed April 23, 1909.*

1. FELLOW-SERVANTS—*when motion to direct verdict on ground that parties were fellow-servants is properly denied.* A motion to direct a verdict upon the ground that the plaintiff and the person whose negligence caused the injury were fellow-servants is properly denied where such person was plaintiff's foreman, and there is evidence tending to show that in giving the order resulting in the injury he was exercising his authority as a vice-principal.

2. PLEADING—*when defendant is not harmed by filing of additional count.* A defendant in a personal injury case is not harmed by the filing of an additional count alleging in greater detail the same matters charged in the original count and additional circumstances proof of which would have been admissible under the allegations of the original count.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding.

KREMER & GREENFIELD, for appellant.

B. J. WELLMAN, and E. J. CONLEY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is prosecuted from a judgment of the Appellate Court affirming a judgment recovered by the appellee, against appellant, in an action on the case for personal injuries.

The appellee was a structural iron worker employed by the appellant in the construction of a steel railroad draw-bridge across a branch of the Chicago river. At the time of his injury part of the steel structure had been erected, and there was in course of building a tower, constructed of heavy timbers, to work from in putting up the bridge. The appellee, with others, was engaged in raising to the top of

this tower one of these timbers twelve by sixteen inches in size and thirty feet long. There were two railroad tracks there, seven or eight feet apart, and the space between them was from four to six feet lower than the tracks. The timber had been unloaded outside of the tracks. It was being raised by means of a rope extending from the timber to a pulley attached to the tower immediately over the center of one of the tracks. From the pulley the rope extended through a snatch-block to a nigger-head, which was operated by steam. The timber being raised higher than the level of the track and being directly above it, to avoid interfering with an approaching train it became necessary to swing the timber over and place it between the tracks. Two of the men engaged in the work swung one end around between the tracks, and, putting their weight on it, held it down on a tie or other support there. Appellee, who was alone at the other end, which was three or four feet above the track, pushed the timber out with his breast against it, his feet against the rail and his body at an angle of forty-five degrees. Brown, the foreman, signaled to the man at the nigger-head to release the power. The timber dropped instantly. There was a three-inch plank, ten inches wide, across the space between the tracks. The timber broke the plank and went down to the bottom of the ditch. Appellee fell with it and received the injuries complained of.

The appellant asked a peremptory instruction for a verdict in its favor, on the ground that Brown, the foreman, who gave the signal to release the power, was a fellow-servant of the appellee. That Brown was a foreman is conceded, but it is contended that it does not appear that he was clothed with such authority as would constitute him a vice-principal; and that, even if he were such vice-principal, the act of signaling to release the power was, in fact, the act of a fellow-servant and not the exercise of the authority of a vice-principal. Whether or not the person injured and the person guilty of the negligence causing the injury were

fellow-servants is ordinarily a question of fact. No evidence was introduced as to Brown's duties as foreman. It was testified that he took hold and worked with the men very often but did not work with his hands all the time. He ordered appellee to shove the timber out and appellee obeyed the order. While doing so, and in such a position that he could not avoid falling if the timber fell, Brown signaled to release the power. There was evidence tending to show that he was exercising the authority of a vice-principal, and it was not error to overrule the motion to direct a verdict.

The original declaration consisted of only one count, charging the negligent giving of the order by the foreman. After the argument of the motion for a new trial, the plaintiff, by leave of the court, filed an additional count setting up the same matter in greater detail, and also alleging at some length the insufficiency of the plank across the ditch to hold the timber if dropped upon it, and the foreman's knowledge of that fact. It also alleged that the foreman, "being a superior servant and vice-principal of the defendant, did as foreman, and not as fellow-servant," negligently order the power released. It is said that the original declaration was insufficient because it failed to aver that Brown was not a fellow-servant of appellee. It did allege that he was the foreman in charge of the work, and as a superior servant and vice-principal of the defendant negligently gave the order. The judgment could have been sustained under the original count. The allegations in regard to the plank across the ditch could all have been proved under that count. The negligence complained of in that count was the giving of the order, but all the circumstances by reason of which the injury followed from it were admissible in evidence. The appellant, therefore, was not harmed by the filing of the additional count.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*